# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SUSIE A. KNUTSON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-09-182-RAW-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

The claimant Susie A. Knutson requests review of the Commissioner of the Social Security Administration's denial of benefits pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. As discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of the evidence must take into account whatever in the record fairly detracts

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on July 31, 1950 and was fifty-eight years old at the time of the administrative hearing. (Tr. 42). She has an eleventh grade education (Tr. 219) and has worked as a glove repair specialist and inspector (Tr. 70). The claimant alleges that she has been unable to work since September 1, 1994, because of multiple sclerosis, Meniere's disease, and problems related to vertigo, ataxia, and labyrinthitis (Tr. 61).

## Procedural History

On June 10, 2002, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. Her application was denied. ALJ Peter M. Keltch conducted an administrative hearing and found that claimant was not disabled in a written opinion dated July 20, 2004. The Appeals Council denied review, but this Court reversed in Case No. CIV-04-519-RAW-SPS. On remand, ALJ Richard J. Kallsnick conducted another administrative hearing and again found that the claimant was not disabled in a written opinion dated December 15, 2008 (Tr. 264). The Appeals Council again denied review, so the December 15, 2008 opinion represents the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 404.981.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform the full range of

medium work as defined in 20 C.F.R. § 404.1567(c), with the caveat that claimant should avoid all exposure to environmental hazards (Tr. 260). The ALJ concluded that although the claimant was unable to return to her past relevant work, she was nevertheless not disabled because there were other jobs she could perform, *i. e.*, hand packer, kitchen helper, cafeteria attendant, and food order clerk (Tr. 263-4).

**Review**

The claimant contends that the ALJ erred by ignoring the medical opinions of her treating physicians, Dr. Paul Padel, M.D. and Dr. Kemal Kutait, M.D. The undersigned Magistrate Judge finds that the ALJ failed to properly analyze the opinions of these treating physicians, and the decision of the Commissioner should therefore be reversed and the case remanded for further analysis by the ALJ.

Medical opinions from a treating physician are entitled to controlling weight if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques [and] consistent with other substantial evidence in the record." *Langley v. Barnhart,* 373 F.3d 1116, 1119 (10th Cir. 2004), *quoting Watkins v. Barnhart,* 350 F.3d 1297, 1300 (10th Cir. 2003) [quotation marks omitted]. When a treating physician's opinions are not entitled to controlling weight, the ALJ must determine the proper weight to give them by analyzing all of the factors set forth in 20 C.F.R. § 404.1527. *Id.* at 1119 ("Even if a treating physician's opinion is not entitled to controlling weight, '[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [§ 404.1527].'"), *quoting Watkins,* 350 F.3d at 1300. The pertinent

factors are: (i) the length of the treatment relationship and the frequency of examination; (ii) nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) any other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Watkins,* 350 F.3d at 1300-01, *citing Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001). And if the ALJ rejects a treating physician's opinions entirely, he must "give specific, legitimate reasons for doing so." *Id.* at 1301 [quotations omitted]. In summary, it must be "clear to any subsequent reviewers the weight [the ALJ] gave to the treating source's medical opinion and the reasons for that weight." *Id.* at 1300.

The claimant testified that beginning in 1984 she received most of her medical treatment at the Collicroot Clinic, which became Sparks Preferred in 1998 (Tr. 437). The claimant's treating physicians at the clinic submitted two opinions in connection with her disability claim. Dr. Padel submitted a report along with the claimant's initial application for benefits in which he opined that the claimant was could lift five pounds occasionally and sit for four hours, stand for two hours and walk for one hour, all in an eight-hour workday (Tr. 180). At the ALJ's request, Dr. Kutait submitted a report indicating that the claimant suffered from vertigo that worsened with position changes (Tr. 431). Dr. Kutait opined that the claimant's condition would interfere with her ability to handle stress, that

she would need to take unscheduled breaks during the workday and that she would miss more than four days per month as a result of her medical issues (Tr. 432).

The ALJ did not apply "treating physician" analysis to the opinions of Dr. Padel and Dr. Kutait in discussing the medical evidence of the claimant's impairments. Indeed, the ALJ made no mention whatsoever of Dr. Padel, Dr. Kutait or their opinions anywhere in his written decision. Thus, the Court is unable to find that the ALJ gave those opinions *proper* consideration, or even that the ALJ considered them at all. *See, e. g., Hamlin v. Barnhart,* 365 F.3d 1208, 1215 (10th Cir. 2004) ("An ALJ must evaluate *every* medical opinion in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional . . . An ALJ must also consider a series of specific factors in determining what weight to give *any* medical opinion.") [emphasis added], *citing Goatcher v. United States Department of Health & Human Services,* 52 F.3d 288, 290 (10th Cir. 1995). *See also Clifton v. Chater,* 79 F.3d 1007, 1009-10 (10th Cir. 1996) ("In the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion that appellant's impairments did not meet or equal any Listed Impairment, and whether he applied the correct legal standards to arrive at that conclusion. The record must demonstrate that the ALJ considered all of the evidence[.]").

Because the ALJ failed to properly evaluate the medical evidence provided by the claimant's treating physicians, the decision of the Commissioner should be reversed and

the case remanded to the ALJ for further analysis. If such analysis results in any modifications to the claimant's RFC, the ALJ should then re-determine what work the claimant can perform, if any, and ultimately whether she is disabled

**Conclusion**

As set forth above, the undersigned Magistrate Judge PROPOSES a finding that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. The undersigned Magistrate Judge accordingly hereby RECOMMENDS that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b)(2).

**DATED** this 15th day of September, 2010.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**